**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEBRASKA**

**UNITED STATES OF AMERICA**
    **Plaintiff**

v.                                      Case Number 4:00cr3025-001

                                       USM Number 09369-041

**NORMAN ALTON MORRIS**
    **Defendant**

                                      Wesley S. Dodge
                                      Defendant's Attorney

_____

**AMENDED JUDGMENT IN A CRIMINAL CASE**
**ON MOTION OF THE GOVERNMENT AFTER INITIAL SENTENCING**

**Date of Original Judgment: 2/1/01**
**(Or Date of Last Amended Judgment)**

**Reason for Amendment:**
    Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))

**THE DEFENDANT** pleaded guilty to count(s) VII of the Indictment on 6/26/00.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title, Section & Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|
| 21:841(a)(1) and 18:2 DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE COCAINE BASE | 1/25/00 | VII |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts I-VI, VIII-IX of the Indictment are dismissed on the motion of the United States as to this defendant only.

[X]    Government's motion (filing #76) for reduction of sentence pursuant to Rule 35(b) is granted.

Following the imposition of sentence, the Court advised the defendant of his right to appeal pursuant to the provisions of Fed. R. Crim. P. 32 and the provisions of 18 U.S.C. § 3742 (a) and that such Notice of Appeal must be filed with the Clerk of this Court within ten (10) days of this date.

**IT IS ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                      Date of Imposition of Sentence:
                                                      October 24, 2006

                                                      s/ Richard G. Kopf
                                                     United States District Judge

                                                       October 25, 2006

Defendant: Norman Alton Morris                     Judgment Page 2 of 6
Case Number: 4:00CR3025

**IMPRISONMENT**

The defendant's sentence of imprisonment is reduced from the original sentence to a term of **seventy-two (72) months**.

[x] The Court makes the following recommendations to the Bureau of Prisons:

  [x] The Court recommends that the defendant be placed as close as possible to the state of Nebraska.

  [x] The Court recommends that the defendant be allowed to participate in the intensive drug and alcohol treatment program offered by the Bureau of Prisons.

**ACKNOWLEDGMENT OF RECEIPT**

I hereby acknowledge receipt of a copy of this judgment this ___ day of _____, 2006.

_____
Signature of Defendant


**RETURN**

It is hereby acknowledged that the defendant was delivered on the ____ day of _____, 2006 to _____ with a certified copy of this judgment.

_____
United States Warden

By _____


**Note: The following certificate must also be completed if the defendant has not signed the Acknowledgment of Receipt, above.**

**CERTIFICATE**

It is hereby certified that a copy of this judgment was served upon the defendant this _____ day of _____, 2006.

_____
UNITED STATES WARDEN

By_____

Defendant: Norman Alton Morris                                Judgment-Page 3 of 6
Case Number: 4:00CR3025

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **three (3) years**.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page.)  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

Pursuant to 18 USC 3583(d), defendant shall submit to a drug test within fifteen (15) days of release on Supervised Release and at least two (2) periodic drug tests thereafter to determine whether defendant is using a controlled substance.  Further, defendant shall submit to such testing as requested by any United States Probation Officer to detect the presence of alcohol or controlled substances in the defendant's body fluids and to determine whether the defendant has used any of those substances.  Defendant shall pay for the collection of urine samples to be tested for the presence of alcohol and/or controlled substances.

1. Paragraph #8 of the Standard Conditions of Supervision is modified.  Instead of merely refraining from excessive use of alcohol, the defendant shall not purchase or possess, use, distribute, or administer any alcohol, just the same as any other narcotic or controlled substance.

2. Defendant shall be subject to search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the United States Probation Officer to determine the presence of alcohol and/or controlled substances, firearms, or any other contraband.  Any such items found may be seized by the United States Probation Officer.  This condition may be invoked with or without the cooperation of law enforcement officers.

3. Defendant shall attend, pay for and successfully complete any diagnostic evaluation, treatment or counseling program, or approved support groups (e.g., AA/NA) for alcohol and/or controlled substance abuse, as directed by the United States Probation Officer.

4. Defendant shall provide the United States Probation Officer with access to any requested financial information.

5. Defendant shall pay for, attend and participate in good faith in an inpatient or outpatient mental health program, as directed by the United States Probation Officer.

6. Defendant shall report to the United States Probation Office for the District of Nebraska between the hours of 8:00 a.m. and 4:30 p.m., 100 Centennial Mall North, 530 U. S. Courthouse, Lincoln, Nebraska, phone (402) 437-5223, within seventy-two (72) hours of release from

Defendant: Norman Alton Morris                           Judgment-Page 4 of 6
Case Number: 4:00CR3025

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) the defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or the probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities (including, but not limited to, complying with the terms of any court order or administrative process pursuant to the law of a state, the District of Columbia, or any other possession or territory of the United States requiring payments by the defendant for the support and maintenance of any child or of a child and the parent with whom the child is living);
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered or other places as specified by the court;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit the defendant at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

14) as directed by the probation officer, the defendant shall notify third parties of the risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirements;

Defendant: Norman Alton Morris                Judgment-Page 5 of 6
Case Number: 4:00CR3025

### STANDARD CONDITIONS OF SUPERVISION - CONTINUED

15) the defendant shall not own, possess or control any firearms or ammunition, destructive devices or dangerous weapons;
16) the defendant shall pay any special assessment, fine, or restitution obligation imposed by this judgment that remains unpaid at the commencement of the term of probation or supervised release in accordance with the payment schedule of criminal monetary penalties set forth in this judgment; and
17) the defendant shall notify the probation officer of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay any unpaid amount of restitution, fines, or special assessments.

These conditions are in addition to any other conditions imposed by this Judgment.

### CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth below.

|              | Assessment       | Fine |
|--------------|------------------|------|
| **Restitution** | | |
| Count VII    | $ 100.00         |      |
| **Totals:**  | $ 100.00 (PAID)  |      |

### SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

The defendant has paid the $100 special assessment, receipt O811077.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

All financial penalty payments are to be made to the Clerk of the U. S. District Court, 593 Federal Building, 100 Centennial Mall North, Lincoln, NE 68508.

**Special instructions regarding the payment of criminal monetary penalties:**

unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

Defendant: Norman Alton Morris              Judgment-Page 6 of 6
Case Number: 4:00CR3025

_____

CLERK'S OFFICE USE ONLY:

ECF DOCUMENT

I hereby attest and certify this is a printed copy of a
document which was electronically filed with the
United States District Court for the District of Nebraska.

Date Filed:_____

DENISE M. LUCKS, CLERK

By _____Deputy Clerk